IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0465-03






JAMES THOMAS GUYMON, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


WILLACY COUNTY





 Hervey, J., filed a dissenting opinion in which Keller, PJ., and Keasler, J.,
joined.


DISSENTING OPINION 




 I respectfully dissent. In deciding that the evidence is legally insufficient to support
appellant's kidnapping conviction, the Court misapplies the Jackson v. Virginia, 443 U.S. 320, 319
(1979), standard by not "viewing the evidence in the light most favorable to the verdict." Under this
standard, it is for the jury (not appellate courts) to "fairly resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate facts." See id. 
Especially in cases like this where the evidence is conflicting and susceptible to conflicting but
nevertheless reasonable inferences, the sufficiency call should go to the jury.

 On page eight of its opinion, the Court suggests that the only theory of appellant's intent to
prevent the victim's liberation raised by the evidence was "secreting or holding [the victim] in a
place where he was not likely to be found" because there was no evidence that appellant used deadly
force. See Guymon v. State, S.W.3d slip op. at 8 (Tex.Cr.App. No. 0465-03, delivered this
date). Yet, on page three of its opinion, the Court sets out evidence that appellant forced the victim
into his car at gunpoint, hit the victim in the face, and forced him to sniff paint. See Guymon, slip
op. at 3. This is evidence from which a jury could reasonably infer that appellant intended to prevent
the victim's liberation by using or threatening to use deadly force. Viewed in the light most
favorable to the verdict, the evidence in this case supports a finding that appellant abducted the
eleven-year-old victim at gunpoint and intended to prevent his liberation by driving him outside of
town at nighttime to a place where he was not likely to be found. (1)

 What this Court stated in Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988), as to
a proper application of the Jackson v. Virginia standard, unfortunately requires repeating here:

 At the outset, we emphasize that the proper standard of review is that announced in
Jackson v. Virginia: that the evidence must be viewed in the light most favorable to
the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. [Citations omitted]. 
This rule is by now axiomatic as well as committed to the memories of most. 
However, the drawback of such axiomatic law is that it becomes a rule which is often
cited yet rarely seriously considered-a habit the State appropriately terms "lip
service."


. . . .


 Under the Jackson standard, the reviewing court is not to position itself as a
thirteenth juror in assessing the evidence. Rather, it is to position itself as a final, due
process safeguard ensuring only the rationality of the factfinder. The court is never
to make its own myopic determination of guilt from reading a cold record. It is not
the reviewing court's duty to disregard, realign or weigh evidence. This the
factfinder has already done. The factfinder, best positioned to consider all the
evidence firsthand, viewing the valuable and significant demeanor and expression of
the witnesses, has reached a verdict beyond a reasonable doubt. [Footnote omitted]. 
Such a verdict must stand unless it is found to be irrational or unsupported by more
than a "mere modicum"[ (2)] of the evidence, with such evidence being viewed under
the Jackson light. Concrete application of the Jackson standard is made by resolving
inconsistencies in the testimony in favor of the verdict. The court is to review the
evidence as it is already weighted by the jury's verdict to determine whether any
rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. [Citations omitted].



 The Court misapplies the Jackson v. Virginia standard by making "its own myopic
determination of guilt from reading a cold record." I, therefore, respectfully dissent.


 Hervey, J.


Filed: January 12, 2005

Do Not Publish
1. What seems to be driving the Court's decision in this case is a concern that any person who
gives a child a ride in a car without parental permission is guilty of kidnapping. See Guymon, slip
op. at 8. Viewed in the light most favorable to the verdict, the evidence in this case does not present
that scenario. In addition, the State in that scenario would still have to prove the "intent to prevent
liberation" element of kidnapping. If someone gives a child a ride in a car without parental
permission with the intent to prevent the child's liberation (as defined by the kidnapping statute),
then our Legislature may reasonably define this as kidnapping. 
2. This "mere modicum" standard was rejected by this Court in Butler v. State but apparently
resurrected by this Court in Clewis v. State. Compare Butler v. State, 769 S.W.2d 234, 237-39
(Tex.Cr.App. 1989) (Jackson requires courts to review "the entire body of evidence") with Clewis
v. State, 922 S.W.2d 126, 132 n. 10 (Tex.Cr.App. 1996) (noting that Texas courts apply Jackson "in
such a way that the only evidence a reviewing court considers is the evidence that supports the
verdict"); see also Clewis, 922 S.W.2d at 156 n.8 (McCormick, P.J., dissenting) (it misapplies
Jackson for the reviewing court to consider only the evidence that supports the verdict). The
evidence in this case is sufficient to support appellant's conviction under a proper application of
Jackson v. Virginia standard requiring a consideration of "the entire body of evidence."